The order below is hereby signed.

Signed: October 3 2023



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

**In re:**

**Matter of
Bryan S. Ross, Chapter 7 Trustee**

Misc. Pro. No. 23-20001-ELG

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on its *Order for Bryan S. Ross to Show Cause* (ECF No. 1) (the "Show Cause Order"), the response filed by Brian S. Ross ("Mr. Ross") (ECF No. 2), the response filed by the Acting United States Trustee for Region 4 (the "UST") (ECF No. 3), and the arguments of counsel made at the hearing (the "Hearing") held on August 17, 2023. In this Opinion, the Court refers to and presumes familiarity with the settlement agreement and stipulations therein in *In re Webster, LLC*, No. 20-00302-ELG (Bankr. D.D.C. July 20, 2022), ECF No. 89 (the "Settlement") and the memorandum opinion issued by the United States Bankruptcy Court for the Eastern District of Virginia in *In re Kebede*, No. 18-12086-KHK, 2023 WL 3219659, 2023 Bankr LEXIS 1166 (Bankr. E.D. Va. May 2, 2023) (the "*Kebede* Opinion"). At the conclusion of the Hearing the Court issued an oral ruling, and this memorandum decision memorializes that ruling. To the extent there is any inconsistency between the oral ruling and this Opinion, this Opinion controls.

1

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. *See* Fed. R. Bankr. P. 7052.

I.    Issue Before the Court

Mr. Ross served as a chapter 7 panel trustee in the District of Columbia for forty-two years until his resignation from that panel on June 8, 2023. Beginning in 2013, Mr. Ross had what the parties called a "business relationship" with Fox & Associates Partners, Inc. t/a Tranzon Fox ("Tranzon"), in which Mr. Ross received compensation in the form of a referral fee in cases in the Bankruptcy Courts of the District of Columbia, District of Maryland, and the Eastern District of Virginia.[1] The referral fee was calculated as a percentage of any commission or buyer's premium received by Tranzon in such cases. While business relationships between professionals are not *per se* impermissible, the Bankruptcy Code and Bankruptcy Rules[2] require clear, concise, and full disclosure of all the terms and conditions of employment and compensation including referral fees. *See* 11 U.S.C. §§ 327, 328; Fed. R. Bankr. P. 2014.

The disclosures made by Mr. Ross and Tranzon in each of the identified cases[3] were either insufficient or non-existent. As the *Kebede* Court stated, Mr. Ross' extensive experience as a

---

[1] *See* Resp. of Acting United States Trustee to the Order to Show Cause, *In re: Matter of Bryan S. Ross, Chapter 7 Trustee*, Case No. 23-20001-ELG (Bankr. D.D.C. July 12, 2023), ECF No. 3.

[2] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[3] *Impulse, LLC*, No. 13-00791 (Bankr. D.D.C.); *2412 Group, Inc.*, No. 15-00073 (Bankr. D.D.C.); *Lisa Shaw*, No. 17-00225 (Bankr. D.D.C.); *Harriet Whitney Home for Senior Citizens*, No. 19-00745 (Bankr. D.D.C.); *4915 Quarles St. LLC*, No. 20-00497 (Bankr. D.D.C.); *James G. Sasscer, Jr.*, No. 06-13476 (Bankr. D. Md.); *Peter Charles Gems & Madonna K. Gems*, No. 08-21179 (Bankr. D. Md.); *Daniel Fields, Jr.*, No. 13-27190 (Bankr. D. Md.); *Stanley Green*, No. 13-30317 (Bankr. D. Md.); *Risikat Shola Balogun*, No. 14-11119 (Bankr. D. Md.); *Larry A. Rollins*, Case No. 14-

2

bankruptcy attorney and trustee underscores why he cannot escape liability for the nondisclosure. *In re Kebede*, 2023 Bankr LEXIS 1166, at *9. Therefore, after entry of the Settlement and *Kebede* Opinion and the factual recitations and findings therein, the Court issued the Show Cause Order requiring Mr. Ross to address (i) why the Court should not reopen each of the cases in this Court in which Tranzon Fox was retained by a party; (ii) why the Court should not reopen each chapter 7 case in which Mr. Ross served as trustee and Tranzon Fox was involved therein; (iii) why the Court should not reopen the cases enumerated in the Settlement (or any other cases subsequently discovered) for the purpose of review and disgorgement of any and all referral fees received therein; and/or (iv) why Mr. Ross should not be removed as a chapter 7 trustee in all pending cases before the Court pursuant to § 324 for misconduct in the course of his statutory duties. Order for Bryan S. Ross to Show Cause, *In re: Matter of Bryan S. Ross, Chapter 7 Trustee*, Case No. 23-20001-ELG (Bankr. D.D.C. May 22, 2023), ECF No. 1.

II.     Relevant Background

  a.     The 1006 Webster Settlement

On July 13, 2020, 1006 Webster, LLC filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, which originated case number 20-00302.[4] During the course of the case, real property was sold by the estate utilizing Tranzon's services for which Tranzon was paid a commission.[5] On June 17, 2022, the UST and Tranzon filed a joint motion seeking to

---

16757 (Bankr. D. Md.); *Catalyst Group Limited Partnership*, No. 14-20624 (Bankr. D. Md.); *Detrick Leggett & Renee Haynes*, No. 15-15390 (Bankr. D. Md.); *James I. Williams*, No. 16-13764 (Bankr. D. Md.); *SMWS Group, LLC*, No. 19-12941 (Bankr. D. Md.); *Madelyn E. Miles*, No. 19-19729 (Bankr. D. Md.). Order at 6, *In re 1006 Webster, LLC*, No. 20-00302-ELG (Bankr. D.D.C. July 20, 2022), ECF No. 89.

[4] Ch. 11 Vol. Pet., *In re 1006 Webster, LLC*, No. 20-00302-ELG (Bankr. D.D.C. July 13, 2020), ECF No. 1.

[5] Appl. to Employ Fox & Associates Partner, Inc. t/a Tranzon Fox as Auctioneer, *In re 1006 Webster, LLC*, Case No. 20-00302-ELG (Bankr. D.D.C. Mar. 31, 2021), ECF No. 55.

3

approve a settlement agreement dated June 13, 2022 by and between the UST and Tranzon.[6] The proposed settlement agreement arose from an investigation by the UST into the relationship between Mr. Ross and Tranzon.[7] Mr. Ross was not a party to the settlement agreement. By order entered July 20, 2022, the Court approved the Settlement. As a result of the Settlement, Tranzon paid $32,000 to the Webster estate, representing the total amount of the "referral fee" paid to Mr. Ross in that case. In exchange for the payment, Tranzon was provided with a release of all claims arising from not only the *Webster* case but all of the identified cases. The Settlement specifically excluded any release of claims as to Mr. Ross.[8]

        b.       *The Kebede Proceeding*

After the Settlement was approved by this Court, the Honorable Klinette H. Kindred of the United States Bankruptcy Court for the Eastern District of Virginia reopened the closed chapter 11 case of Tigist Kebede.[9] During the pendency of the Kebede case Tranzon was engaged by the estate to assist with the sale of real property resulting in a full distribution to creditors and a commission was paid to Tranzon. Mr. Ross received a "referral" fee from Tranzon as a result of the sale. Judge Kindred reopened the case, based upon the Settlement, to determine if there was cause to order disgorgement by Tranzon or Mr. Ross.[10] After an evidentiary hearing, Judge Kindred found that there was an undisclosed arrangement between Mr. Ross and Tranzon in which

---

[6] *See* Order for Bryan S. Ross to Show Cause, *In re: Matter of Bryan S. Ross, Chapter 7 Trustee*, Case No. 23-20001-ELG (Bankr. D.D.C. May 22, 2023), ECF No. 1. *See also* Am. Joint Mot. to Approve Settlement Agreement, *In re 1006 Webster,* LLC, No. 20-00302-ELG (Bankr. D.D.C. June 17, 2022), ECF No. 85. The recitals in the Settlement are specifically incorporated in this Opinion.

[7] *See* Consent Order Granting Motion by the Acting United States Trustee and Fox & Associates Partners, Inc. t/a Tranzon Fox to Approve Settlement Agreement, *In re 1006 Webster,* LLC, No. 20-00302-ELG (Bankr. D.D.C. July 20, 2022), ECF No. 89.

[8] *Id.* at 5, ECF No. 89.

[9] Order Reopening Case, *In re Kebede*, Case No. 18-12086-KHK (Bankr. E.D. Va. Sept. 2, 2022), ECF No. 193.

[10] *Id.* at 1, ECF No. 193. The findings and conclusions in the *Order Reopening Case* are specifically incorporated in this Opinion.

4

Mr. Ross would solicit debtor's counsel to use the services of Tranzon to sell real estate assets of the bankruptcy estates, and that as a result of that arrangement Mr. Ross would receive a referral fee and a second fee if a sale was successful.[11] Ultimately, Judge Kindred found that Mr. Ross violated Bankruptcy Rule 9011 and § 504 of the Bankruptcy Code, and accepted Mr. Ross' offer to disgorge all fees he received as sanction in the *Kebede* case.[12]

    c.    The Other DC Cases

As reflected in the Settlement, Mr. Ross also made referrals to Tranzon in several bankruptcy cases in the District of Columbia (the "Other DC Cases").[13] In all but one of the Other DC Cases, a sale was completed, which resulted in a commission being paid to Tranzon that was then shared with Mr. Ross. Mr. Ross received total compensation of $30,010.46 in connection with the Other DC Cases.[14] There was no completed sale or payment in the case of 4915 Quarles St., LLC.[15] What is not part of the record are the cases where Mr. Ross may have taken actions to have debtors (or other trustees) consider or hire Tranzon as an estate professional in this jurisdiction similar to the conduct found to exist in the Eastern District of Virginia by Judge Kindred. The Court does not believe that Mr. Ross "batted a thousand" in obtaining engagement by the debtor

---

[11] See Memorandum Opinion, *In re Kebede*, No. 18-12086-KHK, 2023 Bankr LEXIS 1166 (Bankr. E.D. Va. May 2, 2023), ECF No. 221; Order of Disgorgement, *In re Kebede*, No. 18-12086-KHK (Bankr. E.D. Va. May 2, 2023), ECF No. 222. The findings and conclusions in the *Kebede* Opinion are specifically incorporated in this Opinion.

[12] Memorandum Opinion at 5, *In re Kebede*, No. 18-12086-KHK, 2023 Bankr LEXIS 1166 (Bankr. E.D. Va. May 2, 2023), ECF No. 221.

[13] *In re Impulse, LLC*, No. 13-00791 (Bankr. D.D.C.); *In re 2412 Group, Inc.*, No. 15-00073 (Bankr. D.D.C.); *In re Lisa Shaw*, No. 17-00225 (Bankr. D.D.C.); *In re Harriet Whitney Home for Senior Citizens*, No. 19-00745 (Bankr. D.D.C.); and *In re 4915 Quarles St. LLC*, No. 20-00497 (Bankr. D.D.C.) (collectively, the "Other DC Cases"). The Court conducted a thorough independent review of its docket and did not find any other applicable cases. While not a party to the Settlement Agreement, at the Hearing Mr. Ross' counsel agreed that the listed cases represented all applicable cases.

[14] Resp. of Bryan S. Ross with Respect to Order to Show Cause at 5-6, *In re: Matter of Bryan S. Ross, Chapter 7 Trustee*, Case No. 23-20001-ELG (Bankr. D.D.C. May 22, 2023), ECF No. 2.

[15] *See In re 4915 Quarles St., LLC*, Case No. 20-497-ELG (Bankr. D.D.C. 2021).

or estate in each case in which he acted on Tranzon's behalf. The Court does not condone this conduct, but acknowledges that its authority is constrained to the facts and cases before it.[16]

In addition to the Other DC Cases in which Mr. Ross served as "consultant" to Tranzon, there are two cases where Mr. Ross served as chapter 7 trustee and engaged Tranzon as professional for the estate.[17] While the failure of Mr. Ross to ensure clear and detailed disclosure of his consulting relationship with Tranzon in the chapter 11 cases would be sufficient to issue sanctions (as was the case in *Kebede*), it is the incomplete, vague, and nebulous disclosures filed by Mr. Ross in the chapter 7 cases that the Court finds are more egregious. Complete and candid disclosures are a lynchpin of the bankruptcy system to ensure that courts are able to act as the arbiter of disinterestedness. *See In re Final Analysis, Inc.*, 640 B.R. 633, 645 (Bankr. D. Md. 2022) ("Failure to faithfully disclose conflicts usurps from parties-in-interest the opportunity to timely object to employment and circumvents the Court's role as the arbiter of disinterestedness.")

In both cases where Mr. Ross as chapter 7 trustee engaged Tranzon as an auctioneer as part of the employment application Mr. Ross caused to be filed a verified statement by Tranzon that stated:

> The trustee and Tranzon have a consulting agreement whereby Tranzon pays Bryan S. Ross monies for certain designated functions. This agreement does not extend to cases in which Ross is a trustee. Tranzon and the trustee understand that Ross will receive no remuneration or other consideration from Tranzon in this transaction.

This disclosure is anything but complete or candid and is not explicit enough for the Court or other parties to gauge whether Tranzon met the statutory requirement of disinterestedness. *See In re eToys, Inc.*, 331 B.R. 176, 189 (Bankr. D. Del. 2005) ("The duty to disclose under Bankruptcy

---

[16] *See, e.g.*, *Sherman v. OTA Franchise Corp. (In re Essential Fin. Educ.)*, 629 B.R. 401, 447 (Bankr. N.D. Tex. 2021) ("The Court could certainly *speculate* as to a number of [facts],. . . but the Court may not grant [] judgment based on its own suppositions.") (Emphasis in original.)

[17] Those cases are: *In re Ramson*, Case No. 15-00152 (Bankr. D.D.C.); and *In re Hardy*, Case No. 16-00280 (Bankr. D.D.C.).

Rule 2014 is considered sacrosanct because the complete and candid disclosure by an attorney seeking employment is indispensable to the court's discharge of its duty to assure the attorney's eligibility for employment under section 327(a) and to make an informed decision on whether the engagement is in the best interest of the estate."); *In re Lewis Road, LLC*, 2011 WL 6140747, *6-7, 2011 Bankr. LEXIS 4827, *22-3 (Bankr. E.D. Va. Dec. 9, 2011) ("While the Bankruptcy Code does not define an 'interest adverse to the estate,' bankruptcy courts have widely held that an adverse interest means either (1) the possession or assertion of any economic interest that would tend to lessen the value of the bankruptcy estate or create an actual or potential dispute with the estate as a rival claimant, or (2) a predisposition of bias against the estate.")

At the Hearing, Mr. Ross' counsel stated that Mr. Ross relied upon the lack of any opposition to the disclosure as a basis to believe that such disclosure was sufficient. The standard for disclosure is not one of the least information possible to possibly comply, it is the exact opposite and is self-policing. *In re Crivello*, 134 F.3d 831, 839 (7th Cir. 1998) ("The duty to disclose under [Bankruptcy Rule] 2014(a) is unquestionably a self-policing one."). All facts that have <u>any</u> bearing on the disinterestedness of a professional must be disclosed. *In re Leslie Fay Cos., Inc.*, 175 B.R. 525, 534 (Bankr. S.D.N.Y. 1994). "Bankruptcy courts have neither the resources nor the time to investigate the veracity of the information submitted in [Bankruptcy Rule] 2016(b) statements and affidavits and to root out the existence of undisclosed conflicts of interest." *Id.* Bankruptcy courts rely primarily on forthright disclosure and should not have to conduct independent factfinding investigations to determine if a professional is disqualified. *See In re Granite Partners, L.P.*, 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998). Boilerplate and unspecific disclosures are rarely, if ever, satisfactory and compliant. *See id.* Simply stating "monies for certain designated functions" was

clearly insufficient under both the Bankruptcy Code and Bankruptcy Rules to describe the "business relationship" between Mr. Ross and Tranzon or the referral fees paid.[18]

III.    Sanctions

The Court issued its Show Cause Order on May 22, 2023 because it was readily apparent that Mr. Ross was not going to take any corrective action following both entry of the Settlement and the *Kebede* Opinion, despite the clear and unqualified findings as to the insufficiencies of his disclosures in this Court. Based upon the record herein, the Court finds that sanctions are necessary and appropriate. The Court will address each of the questions in the Show Cause Order and any sanctions related thereto in turn.

    a.    *Should the Court reopen all District of Columbia cases where Tranzon was retained?*

Based upon the Court's independent review of its docket, the Settlement, and the representation of the UST that based upon its investigation, it appears that the Other DC Cases represent the universe of cases in which Tranzon was engaged in this Court and in which Mr. Ross received a referral fee. The Court finds that it is unnecessary to reopen any other case in this District. However, because certain of the cases referenced in the Settlement Agreement and *Kebede* Opinion are in the District of Maryland, the Court will provide a copy of this Opinion to the Clerk of Court and bankruptcy judges in the District of Maryland.

    b.    *Should the Court reopen each chapter 7 case in which Mr. Ross served as trustee and Tranzon Fox was involved?*

Based upon the Court's independent review of its docket and upon confirmation by counsel for Mr. Ross and the UST at the Hearing, the two cases identified herein were the only cases in

---

[18] Mr. Ross' actions likely also violate the rules of professional ethics for the District of Columbia. Because sufficient grounds for sanctions are found based upon the Bankruptcy Code and Bankruptcy Rules, the Court does not specifically address the issue of violations of the rules of professional ethics.

8

Case 23-20001-ELG   Doc 10   Filed 10/03/23   Entered 10/03/23 15:56:37   Desc Main
Document      Page 9 of 11

which Mr. Ross, as trustee, employed Tranzon. The Court is satisfied that there was no compensation shared by Tranzon with Mr. Ross in those cases, but nevertheless finds that the disclosures in those cases were entirely and completely insufficient. At this time and based upon the voluntary nature of the disgorgement and sanction set forth in this Opinion, the Court will not reopen the two identified cases. However, in the event of non-compliance with this Opinion and Order, the Court specifically reserves the right to reopen *In re Ramson*, Case No. 15-0152 or *In re Hardy*, Case No. 16-0280 to determine whether further sanctions should be issued in either case for the incomplete and inaccurate disclosures.

      c.      *Should the Court reopen the cases enumerated in the Show Cause Order for the purpose of review and disgorgement of any and all referral fees received in such cases?*

Mr. Ross has consensually agreed to disgorge all referral fees received (the "Disgorged Funds") in the Other DC Cases. Therefore, there is no need to reopen those cases for the purpose of review of the fees. However, the Court shall require Mr. Ross to serve a notice on each party in interest in each of the Other DC Cases of entry of this Opinion and the right to, within 60 days of entry of this Opinion, file a request in this Miscellaneous Proceeding for a distribution from the Disgorged Funds attributable to the applicable case. Any such request must include the party's name and current address, the applicable case number, the party's role in the case, and the amount and basis of the party's alleged unpaid claim(s), interest, or other basis of entitlement to payment. Any party not submitting a request within 60 days shall be deemed to have waived their claim to the Disgorged Funds. Within fourteen days of this Opinion becoming a final order, Mr. Ross shall deposit the Disgorged Funds into either (i) his counsel's trust account or (ii) a third-party escrow account opened for the sole purposes of holding the Disgorged Funds and file confirmation thereof. The Disgorged Funds shall be held until (a) all requests for funds as provided for herein have been adjudicated or (b) further order of this Court. Any Disgorged Funds remaining at the end of the

request adjudication process shall be made payable to the Court as sanctions to the Miscellaneous Fines and Penalties Account.

> d. *Should Mr. Ross be removed as a chapter 7 trustee in all pending cases before the Court?*

As stated above, Mr. Ross resigned from the panel of chapter 7 trustees on June 8, 2023 with no further appointments after that date. Notwithstanding his resignation, Mr. Ross argued that the Court should not remove him under § 324 of the Bankruptcy Code and allow him to complete the administration of his remaining open asset cases. While the Court does adopt Mr. Ross's proposed resolution in this Opinion, it notes that despite this adoption, there is more than sufficient evidence of cause to have removed Mr. Ross from the panel as a chapter 7 trustee under § 324 of the Bankruptcy Code.

In an exercise of its discretion, and subject to strict compliance with this Opinion and Order, the Court will not remove Mr. Ross under § 324 of the Bankruptcy Code.[19] There are five cases presently active and designated asset cases where Mr. Ross serves as chapter 7 trustee in this District:[20]

- i.   *In re Bridgitte Belinda Wilkins*, Case No. 20-00448;
- ii.  *In re Matthew Edward Shkor*, Case No. 21-00041;
- iii. *In re Got Your Back Chiropractic, P.C.*, Case No. 22-00146;
- iv.  *In re Got Your Back Total Health, P.C.*, Case No. 22-00147;[21] and
- v.   *In re Jason Daniel Luttrell*, Case No. 23-00056.[22]

---

[19] The Court must consider the best interests of the estate in bankruptcy when determining if removal of the trustee is appropriate. *In re Baker*, 38 B.R. 705, 708 (D. Md. 1983) (citing *Gross v. Russo (In re Russo)*, 18 B.R. 257, 273 (Bankr. E.D.N.Y. 1982)).

[20] In addition, at the time of the Hearing there were less than 20 other pending no-asset cases where Mr. Ross served as trustee. As of the date hereof, no further cases have been identified as asset cases and the Court's records reflect that approximately 13 of those cases remain open.

[21] The Notice of Final Report was filed by Mr. Ross on September 27, 2023. Chapter 7 Trustee's Notice of Final Report, *In re Got Your Back Total Health, P.C.*, Case No. 22-00147-ELG (Bankr. D.D.C. Sept. 27, 2023), ECF No. 31.

[22] On September 20, 2023, Mr. Ross filed a Report of No Distribution. *See* Chapter 7 Trustee's Report of No Distribution, *In re Luttrell*, Case No. 23-00056-ELG (Bankr. D.D.C. Sept. 20, 2023), ECF No. 32.

In each of these matters, the vast majority of the tasks necessary for administration of the estate have been completed and Mr. Ross argues that it is in the best interest of estate administration to allow him to complete the administration. The Court agrees that the cases are substantially complete, and it would be most efficient to permit Mr. Ross to complete the administration of those cases in a timely manner. However, the Court will require Mr. Ross to file a status report every six months in any case in which he serves as chapter 7 trustee that remains open following entry of this Opinion to avoid unnecessary delay in the closure of those cases.

### IV.    Conclusion

For reasons stated herein, the Court hereby **ORDERS**, **ADJUDGES**, and **DECREES** that

1)    Mr. Ross is sanctioned the full amount of his referral fees for the Other DC Cases, totaling $30,010.46. Within fourteen days of this Opinion, Mr. Ross shall deposit the funds set forth in section III.c. and file evidence of the same with the Court. Upon completion of the funds request process established by section III.c., any balance shall be paid to the Court's Miscellaneous Fines and Penalties Account as a sanction.

2)    Mr. Ross shall serve each party in interest in the Other DC Cases a copy of this Opinion, inform the parties of their right to request funds by filing a request in this Miscellaneous Proceeding, and file a certificate of service of such notice.

3)    This Court will not presently reopen any other case or remove Mr. Ross under § 324 of the Bankruptcy Code as trustee, but reserves the right to reopen or reevaluate the cases to avoid unnecessary delay in their closure. On or before March 14, 2024, Mr. Ross shall file a status report in any open asset case pending as of March 1, 2024.

[Signed and dated above.]

Service to: recipients of electronic notice.